UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DELTA FUEL COMPANY, L.L.C., Plaintiff | CIVIL ACTION NO. 1:19-CV-00456 |
| VERSUS | JUDGE DRELL |
| HAYWARD PAINT CO. INC., Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

## *SUA SPONTE* JURISDICTIONAL BRIEFING ORDER

Before the Court is a Complaint premising federal jurisdiction upon diversity of citizenship. (Doc. 1). "[S]ubject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006) (citing Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999)). The Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Id.

The diversity statute – 28 U.S.C. § 1332 – is satisfied upon a showing of: (1) diversity of citizenship between the parties; and (2) an amount in controversy in excess of $75,000, exclusive of interest and costs. "Complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1079 (5th Cir. 2008) (citing Harrison v. Prather, 404 F.2d 267, 272 (5th Cir. 1968)) (internal citation and quotation omitted). "[W]hen jurisdiction depends on citizenship, citizenship must be *distinctly and affirmatively* alleged." Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of N. Am., 841 F.2d 1254, 1259 (5th Cir. 1988) (internal

quotation omitted) (See also Mullins v. Testamerica, Inc., 2008 WL 4888576 (5th Cir. 2008)(per curiam).

The citizenship of an individual is his or her domicile, meaning the place where an individual resides and intends to remain. See Acridge v. Evangelical Lutheran Good Samaritan Soc., 334 F.3d 444, 448 (5th Cir. 2003). A corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business. See Tewari De-Ox Systems, Inc. v. Mountain States/Rosen, L.L.C., 757 F.3d 481, 483 (5th Cir. 2014). "[T]he citizenship of a partnership is determined by reference to the citizenship of each of its partners." See Int'l Paper Co. v. Denkmann Associates, 116 F.3d 134, 135, 137 (5th Cir. 1997).

The citizenship of a limited liability company ("L.L.C."), a limited partnership, or other unincorporated association or entity is determined by the citizenship of all its members. See Harvey, 542 F.3d at 1079-80. "If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be." Wright v. JPMorgan Chase Bank, NA, No. 09-cv-0482, 2009 WL 854644, at *1 (W.D. La. Mar. 26, 2009)).

Here, Plaintiff Delta Fuel Company, L.L.C. ("Delta Fuel") alleges it is organized under Louisiana law and maintains its principal place of business in Ferriday, Concordia Parish, Louisiana. (Doc. 1). Delta Fuel asserts Defendant

Hayward Paint Company, Inc. ("Hayward") is organized under Texas law and maintains its principal place of business in Tatum, Panola County, Texas. (Doc. 1). Thus, Hayward is a citizen of Texas. Delta Fuel further asserts Defendant Jesse Boren is an individual who is a citizen of Texas. (Doc. 1).

However, Delta Fuel fails to identify the citizenship of its members. If any one of the members is not diverse, the limited liability company is not diverse. If any member is an L.L.C., the citizenship of those members must also be asserted. Therefore, citizenship of Delta Fuel is not clear from the pleadings, and the existence of federal jurisdiction is in question.[1]

Accordingly,

The Clerk of Court is DIRECTED to serve a copy of this order upon Defendants IMMEDIATELY.

IT IS ORDERED that, not later than seven (7) days from service of this Order on Defendants, Delta Fuel SHALL FILE: (1) a Jurisdictional Memorandum setting forth specific facts, including the identity of all members and state of citizenship of each of its members, and down the line until all members have been identified as an individual or corporation, as of the date of filing, that support a finding that the parties are diverse in citizenship.

---

[1] Delta Fuel adequately alleges the amount in controversy exceeds the jurisdictional threshold of $75,000. (Doc. 1).

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 12th day of April, 2019.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge